UNITED STATES DISTRICT COURT    06cv974amd

DISTRICT OF CONNECTICUT

JOLENE M. WEAVER

                                                           PRISONER

   v.                    Case No.  3:06CV974(RNC)

WILLIAM WILLINGHAM


ORDER

    Plaintiff, currently incarcerated at the Danbury Federal Correctional Institution in Danbury, Connecticut, filed this petition for writ of habeas corpus <u>pro se</u> pursuant to 28 U.S.C. § 2241.  The petitioner challenges the denial of her request to be released early due to her completion of the residential drug abuse treatment program.

    Before filing a petition for a writ of habeas corpus in federal court, a federal inmate is required to exhaust administrative remedies.  <u>See, e.g.</u>, <u>Carmona</u>, 243 F.3d at 634 (holding that, absent a showing of cause and prejudice, federal inmates must exhaust their administrative remedies before filing a petition for writ of habeas corpus pursuant to section 2241). The Bureau of Prisons' Administrative Remedy Program consists of a four-step process set forth in the, 28 C.F.R. § 542: (1) the inmate must attempt informal resolution with prison staff; (2) the inmate must submit a formal written "Administrative Remedy Request" to the warden within twenty days of the incident giving rise to his claim; (3) the inmate must appeal an adverse decision

from the warden to the appropriate regional director within twenty days from the denial of the formal request; and (4) the inmate must appeal the Regional Director's adverse decision to the Bureau of Prisons General Counsel's office within thirty days.  <u>See</u> 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a). The petitioner has failed to allege that she exhausted her available remedies under the Bureau of Prisons' Administrative Remedy Program prior to filing this action and has also failed to attach evidence of any attempts to exhaust her remedies.

Accordingly, petitioner is directed to file an amended petition **within thirty days** of the date of this order.  The amended petition shall include the claim contained in the petition accompanied by evidence that plaintiff has exhausted her administrative remedies with respect to that claim prior to filing this lawsuit.  Failure to comply with this order and provide evidence of exhaustion of administrative remedies will result in the dismissal of this action.

SO ORDERED this 25th day of October, 2006, at Bridgeport, Connecticut.

> ____/s/_____
> HOLLY B. FITZSIMMONS
> UNITED STATES MAGISTRATE JUDGE